UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**TABITHA MCKENZIE,**

    **Plaintiff,**

vs.                                  Case No. 4:23-cv-00198-AW-MAF

**CASEY TIDWELL BARREN,**

    **Defendants.**
_____/

## O R D E R

Plaintiff, a prisoner proceeding *pro se*, filed several pleadings: two motions seeking leave to present an oral motion, ECF Nos. 36 and 40; a motion requesting mediation, ECF No. 37; a filing entitled "Second Amend[ed] Complaint," ECF No. 38; a motion for the appointment of counsel, ECF No. 41; and a motion to intervene, ECF No. 42. All motions are due to be denied; and the "Second Amend[ed] Complaint" is due to be stricken. Each filing will be addressed in turn below.

**I.   Oral Motions, ECF No. 36, 40.**

Plaintiff wants to present an oral motion to give the Court a "clear understanding." ECF No. 36, 40. The filings are duplicative of one another. Plaintiff does not indicate what type of relief she seeks or what she might want to present orally to the Court. At this early junction, Plaintiff is not

entitled to a hearing. Plaintiff has not filed a proper IFP application or paid the filing fee; and no legally sufficient complaint has been filed to serve on any defendant as previously ordered by the Court. Plaintiff's motions seeking leave to present an oral motion are **DENIED**.

II. **Motion for Mediation, ECF No. 37.**

Plaintiff requests a mediation of the case because she has not had a hearing at her trial and her rights have been violated. ECF No. 37. She did not have a lawyer at her state trial. Id. Again, no mediation is warranted in this federal case because no defendant has been served because there is no valid complaint. Plaintiff's motion is **DENIED**.

III. **"Second Amendment Complaint," ECF No. 38**

Except for a title, case style, and signature block, this filing is entirely blank, presents no statement of facts or requests for relief, and is frivolous. Accordingly, the filing is **STRICKEN** as an improper pleading.

IV. **Motion for Lawyer, ECF No. 41.**

For the third time, Plaintiff asks the Court to appoint a lawyer to "take over the case" because she did not have a lawyer for the dependency case in which her parental rights were terminated. ECF No. 41. This Court has no jurisdiction over Plaintiff's state case. More importantly, Plaintiff is not entitled to the appointment of counsel in a civil case. "A plaintiff in a civil case has no

constitutional right to counsel." Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999). According to the *in forma pauperis* statute, 28 U.S.C. § 1915, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The statute, however, does not allow the court to require or "appoint" an unwilling attorney to represent an indigent litigant. See Mallard v. U.S. Dist. Court for S. Dist. Of Iowa, 490 U.S. 296, 301-02 (1989) (noting Congress used the word "request" in § 1915 not the word "assign" or "appoint").

A litigant requesting counsel must make two threshold showings: (1) that she made a genuine effort to secure counsel himself and (2) that her case presents exceptional circumstances. See Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982); Bass, supra. The Eleventh Circuit has looked to the factors outlined in Ulmer for guidance in determining if exceptional circumstances warranted appointment of counsel. See Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1065 (11th Cir. 2013) (unpublished but recognized as persuasive authority); see also, e.g., Neal v. Cassiday, 511 F. App'x 865-66 (11th Cir. 2013). Those factors include: (1) the type and complexity of the case, (2) whether the indigent is capable of adequately presenting her case, (3) whether the indigent is in a position to adequately investigate the case, and (4) whether the evidence will consist in large part of conflicting testimony

so as to require skill in the presentation of evidence and in cross-examination. See Ulmer, 691 F.2d at 213 (cited with approval in Smith, supra, Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990), and Neal, supra).

Most importantly, the procedural posture of this case is relevant in denying counsel. There is no valid complaint, IFP application, or payment of the filing fee. This case will not proceed until Plaintiff complies with the Court's prior orders. Plaintiff's motion for counsel is **DENIED**.

## V. Motion to Intervene, ECF No. 42.

Plaintiff wants this Court to "take over" her state criminal case because her Sixth-, Eighth-, and Fourteenth Amendment rights have been violated. She does not indicate how that is so other than to say she was denied bond. This Court is without jurisdiction to usurp the jurisdiction of a state court proceeding that is pending. More importantly, this federal case cannot proceed without a valid complaint and payment of the filing fee or an application demonstrating that Plaintiff is entitled to proceed *in forma pauperis*. The motion is **DENIED**.

Accordingly, it is

**ORDERED**:

1. Plaintiff's motions, ECF Nos. 36, 37, 40, 41, and 42, are **DENIED** for the reasons stated above.

2. Plaintiff's filing entitled "Second Amendment Complaint, ECF No. 38, is **STRICKEN** as an improper pleading. The Clerk of Court is directed to **STRIKE** ECF No. 38.

3. Plaintiff's amended complaint and IFP application or payment of the $402 filing fee remain due no later than **July 5, 2023.**

4. Considering the number of motions and letters filed, the repetitive nature of them, and Plaintiff's refusal to abide by the Court orders instructing her on the proper course of proceeding in this case, Plaintiff is warned that her actions indicate a pattern of abuse of the judicial process. If this continues, pursuant to the Court's "inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases,'" the Court may strike pleadings, dismiss the case entirely, or otherwise restrict the filing of improper documents as necessary to conserve judicial resources and curb abuse. Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Serv., Inc., 556F.3d 1232, 1240 (11th Cir. 2009). See Fed. R. Civ. P. 41(b) and N.D. Fla. Loc. R. 41.1.

5. Failure to comply with court orders will result in the dismissal of this case pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. Loc. R. 41.1.

  6. The Clerk is directed to return the file to the undersigned by **July 5, 2023**.

  **DONE AND ORDERED** on June 22, 2023.

          s/ Martin A. Fitzpatrick
          **MARTIN A. FITZPATRICK**
          **UNITED STATES MAGISTRATE JUDGE**