UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**TABITHA MCKENZIE,**

    **Plaintiff,**

**vs.**                                   **Case No. 4:23-cv-00198-AW-MAF**

**CASEY TIDWELL BARREN,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Tabitha McKenzie, a prisoner proceeding *pro se*, initiated this civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff did not file an application to proceed *in forma pauperis* and did not pay the $402 filing fee. The Court reviewed the complaint as required by 28 U.S.C. § 1915A, found the complaint was legally deficient, and ordered Plaintiff to amend her complaint and to pay the filing fee or submit a complete IFP application by **June 19, 2023**. ECF No. 5. Plaintiff filed an amended complaint on the wrong form, ECF No. 6; so, the Court issued a second order reminding her there was still time remaining to comply. ECF No. 14. Plaintiff filed a second amended complaint, ECF No. 24, which was stricken for failure to comply with court orders. ECF No. 35. Plaintiff filed several motions to proceed IFP, which were stricken or denied as incomplete. See ECF Nos.

8, 15, 25, 50; see also Court Orders ECF Nos. 12, 33, 51. The time to amend was extended until **July 5, 2023**. ECF No. 35. As of the date of the drafting of this Report, Plaintiff did not file an amended complaint, did not refile a complete IFP motion, and did not pay the fee. As explained below, this case should be dismissed.

## I. Plaintiff's First Amended Complaint, ECF No. 6.

Because the Court struck Plaintiff's second amended complaint, the first amended complaint is the operative complaint in this case. See ECF Nos. 24, 35. Plaintiff filed her civil rights case on the wrong form – a few of the pages are from the form used by non-prisoner plaintiffs. ECF No. 6. On the cover page, Plaintiff listed Kevin Chews, A.J. Smith, Sandra Painter, and Christopher Patterson as defendants. Id., p. 1. In Section I, Plaintiff sued Ron DeSantis, governor of Florida, and Neal Dunn, a congressman, in their individual and official capacities. Id., pp. 3. On another page, Plaintiff provided a list of nearly three dozen defendants she intended to sue, without any addresses and with no indication in which capacity Plaintiff intended to sue them. ECF No. 6-1, p. 1. This is not the proper way to name defendants.

The complaint is no model of clarity. Plaintiff's claims appear to be related to her state dependency case that terminated her parental rights. Plaintiff claimed that an inmate assaulted her in the jail. Id., p. 2. Plaintiff

alleges that her children were taken from her and her husband and are being physically and sexually abused by their foster parent. Id., p. 4. Plaintiff asks for an investigation about her current detention. Id., p. 6. Plaintiff wants this Court to take over her state case, to investigate her children's safety, and seeks the return of her children. Id., pp. 6-9. Plaintiff asks for an emergency order to retrieve the children and get medical attention for them. Id., p. 12. Plaintiff wants Defendants charged with hate crimes because they are racists who are involved in human trafficking. Id., p. 14. Plaintiff is alleging that her daughter India is missing and insists a welfare check is necessary. ECF No. 6-1, p. 2.

  Aside from the complaint being submitted on the wrong form, Plaintiff does not attribute any acts or omissions to any of the named defendants. It is the quintessential shotgun pleading.

**I. Shotgun Pleadings are Impermissible**

  Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "'Further, the allegations in the complaint 'must be

simple, concise, and direct,' Fed. R. Civ. P. 8(d)(1), and the complaint must 'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' Fed. R. Civ. P. 10(b)." <u>LaCroix v. W. Dist. of Ky.</u>, 627 F. App'x 816, 818 (11th Cir. 2015). The complaint is a rambling narrative; and there are no numbered paragraphs. ECF No. 6.

"A 'shotgun pleading' -- one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief' -- does not comply with the standards of Rules 8(a) and 10(b)." Id. (citations omitted). The Eleventh Circuit "has repeatedly condemned shotgun pleadings." <u>Id.</u> (citing <u>PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.</u>, 598 F.3d 802, 806 n.4 (11th Cir. 2010)). Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed. The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. <u>See</u> <u>Weiland v. Palm Beach Cnty. Sheriff's Off.</u>, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." <u>Id.</u> at 1321. Next, is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause

of action." Id. at 1322. The third type of shotgun pleading does not separate "into a different count each cause of action or claim for relief." Id. at 1323. "Fourth, and finally, there is" the pleading which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. "The unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

Plaintiff does not offer any set of facts attributable to any defendant. Legal conclusions are insufficient. The Court ordered Plaintiff to amend. Rather than follow the directives of the Court, Plaintiff filed a flurry of motions and notices -- so many that the Court warned Plaintiff her actions could be considered an abuse of the judicial process. See Court Orders ECF No. 35, 36, 43, 51. Repeatedly, the Court warned Plaintiff that the failure to comply with the Court's orders would result in dismissal of this case. Id.

## II. Dismissal for Failure to Comply with Court Orders

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing

& Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id.

Dismissal of the complaint is warranted under Rule 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); accord. Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999). Plaintiff failed to comply with the Court's orders to properly amend the complaint and refile the IFP motion or pay the filing fee by the deadlines. Plaintiff had liberal opportunity to comply.

Considering the number of motions and letters filed, the repetitive nature of them, and Plaintiff's refusal to abide by the Court's orders instructing her on the proper course of proceeding in this case, Plaintiff's actions indicated a pattern of abuse of the judicial process. Dismissal is appropriate.

### III.  Conclusion and Recommendation

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 6, be **DISMISSED** because it is a shotgun pleading and because

Plaintiff failed to comply with court orders, pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. Loc. R. 41.1. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). It is also **RECOMMENDED** that the case be **CLOSED**.

IN CHAMBERS at Tallahassee, Florida on July 14, 2023.

s/ Martin A. Fitzpatrick    
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**